IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DONALD KELSO,

        Plaintiff,                 No. CIV S-11-0674 MCE EFB P

    vs.

KENNYCUTT, et al.,

                                ORDER AND
        Defendants.      FINDINGS AND RECOMMENDATIONS

_____/

       John Donald Kelso, an inmate confined at Solano County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a "motion for a change of venue" and "dismissal." Dckt. Nos. 2, 4, 8. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. Nos. 2, 4. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II.     Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

Plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure. The complaint is so inscrutable that the court cannot reasonably discharge its responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8. This rule requires the pleader to set forth his averments in a simple, concise, and direct manner. The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint). Before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

The claims in plaintiff's complaint are so vague and conclusory that the court cannot determine what claim for relief is purportedly being asserted and against what party. For example, in the "Statement of Claim" section of the form complaint, plaintiff alleges, "My eyesight is in danger. They are trying to blind me. I have been raped more than 70 times." Dckt. No. 1 at 3. Plaintiff does not identify who the perpetrators of these alleged misdeeds are. In attached pages, plaintiff additionally seeks "a jury trial," "a change of venue on my (2970)," "a misdemeanor this time on my hearing & placement in a Free World psychiatric ward till I am found competent," "to be banned from Patton State Hospital," to be housed separately from "felony prisoners," an order to the state court requiring that it provide him with an evidentiary hearing and preliminary hearing, an order to "them to give me another paying job where ever I got if not set free (sic)," an order requiring the appointment of "a special master for the Department of Mental Health and the Department of Public Health," and to be given parole and "good time." *Id.* at 4-6. Plaintiff also lists a litany of complaints regarding conditions at Patton

State Hospital, interspersed with complaints about state criminal proceedings currently pending against him. *Id.* at 6-23.

Many of plaintiff's claims, to the extent they are understandable, were dismissed in Case No. Civ. S-09-2142 MCE KJM P. In that case, plaintiff also raised issues about Patton State Hospital and his state criminal case. Case No. Civ. S-09-2142 MCE KJM P, Dckt. No. 18 at 2-3. In dismissing the complaint, the court noted that, to the extent plaintiff's claims were comprehensible, they raised issues that must be challenged in a petition for writ of habeas corpus or issues regarding Patton State Hospital, which is not in this district. *Id.* The same is true here. Plaintiff's claims for release, parole, and good time, and his challenges to his state criminal proceedings must be pursued by habeas. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Patton State Hospital is no more in this district than it was when Case No. Civ. S-09-2142 MCE KJM P was dismissed on July 8, 2010. The court further notes that, to the extent plaintiff asks this court to issue orders compelling the state trial court to take some action in his case, the court lacks jurisdiction to do so. *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (federal courts lack jurisdiction to issue writs compelling state courts to take or refrain from taking some action).

Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint. A prisoner pursuing civil rights claims without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291

4

F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

Plaintiff's amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff must inform the court how each defendant participated in any alleged deprivation of his constitutional rights. Plaintiff's amended complaint should not include claims seeking his immediate or speedier release from state custody, as such claims must be brought in a habeas corpus petition.

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

"The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

*v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

### III.     Motions to Change Venue and for Dismissal of State Criminal Case

On April 27, 2011, plaintiff filed a "motion for a change of venue" and a "motion for dismissal." Dckt. No. 8. Plaintiff alleges that a Judge Kennycutt and other unnamed judges of the Solano Superior Court have taken various adverse actions against him in criminal proceedings over the past many years and asks for an order "changing venue," presumably to transfer his state court case to a different state trial court. As mentioned earlier, however, this court lacks jurisdiction to issue a writ compelling the state court to transfer plaintiff's case. *See Demos*, 925 F.2d at 1161-62. Accordingly, plaintiff's motion for a change of venue should be denied.

Plaintiff's "motion for dismissal" is somewhat paradoxical. Plaintiff appears to allege that the criminal proceedings, or possibly civil commitment proceedings, currently pending against him are unconstitutional because they are premised on a doctor's opinion that he will commit a felony in the future, when plaintiff avers he will at the most commit "one misdemeanor and lie about my age maybe." Dckt. No. 8 at 9. To the extent that the undersigned can understand the motion, it appears to seek plaintiff's release from state custody or various orders from this court to the state court regarding how to conduct the proceeding. As previously stated, the court cannot issue a writ compelling the state court to conduct its proceedings in a particular manner, and any challenge plaintiff wishes to make to his incarceration or its duration must be brought in a petition for writ of habeas corpus. Accordingly, the undersigned recommends that plaintiff's motion for dismissal be denied.

////

////

////

7

### IV. Order and Recommendation

Accordingly, it hereby is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Solano County Jail filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend within 30 days. Any amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed.

It is further RECOMMENDED that plaintiff's April 27, 2011 motions for a change of venue and for dismissal (Dckt. No. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 19, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE