IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DONALD KELSO,

        Plaintiff,                    No. CIV S-11-0674 MCE EFB P

    vs.

KENNYCUTT, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, an inmate confined at Solano County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A(a), plaintiff has filed an amended complaint. For the reasons stated below, the amended complaint should be dismissed without leave to amend.

**I.    Screening Standards and Requirements**

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**II.     Background**

In dismissing the original complaint with leave to amend pursuant to § 1915A, the court noted that plaintiff previously filed a complaint in this district concerning his state criminal conviction, and that plaintiff had been informed that those claims must be challenged in a petition for writ of habeas corpus. Sept. 19, 2011 Order, Dckt. No. 11. This court further informed plaintiff that his challenges to his state criminal proceedings must be pursued by habeas. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

The court also addressed plaintiff's "motion for a change of venue," wherein plaintiff alleged that Judge Kennycutt and other unnamed judges of the Solano Superior Court had taken various adverse actions against him in criminal proceedings over the past many years. Plaintiff asked for an order "changing venue," presumably to transfer his state court case to a different state trial court. That motion was denied because this court lacks jurisdiction to issue a writ compelling the state court to transfer plaintiff's case. Dckt. Nos. 11, 18. And in dismissing plaintiff's complaint with leave to amend, the court again informed plaintiff that it lacked jurisdiction to issue orders compelling a state trial court to take some action in his case. *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (federal courts lack jurisdiction to issue writs compelling state courts to take or refrain from taking some action).

The court also informed plaintiff that an amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Dckt. No. 11. The court stated that plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right and that he must inform the court how each defendant participated in any alleged deprivation of his constitutional rights. The court informed plaintiff that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Further, the court warned plaintiff that his amended complaint should not include claims seeking his immediate or speedier release from state custody, as such claims must be brought in a habeas corpus petition.

**III.    Amended Complaint**

Plaintiff's amended complaint does not correct the deficiencies identified by the court's initial screening order. In the amended complaint, plaintiff names "Judge Kennycutt" and the

"Solano County Courthouse" as defendants. Dckt. No. 16 at 2. Though barely legible, plaintiff appears to allege as follows:

> My right to a fair trial at all phasings of the proceeding, and the judges for 10 years making me use their choice of attorneys all Jewish & paid $400.00 by the hour. Rather than allowing myself to act pro se or use a public defender and of the Solano Public defenders officer. More on this enclosed in the motion for a change of venue.

Dckt. No. 16 at 5. Plaintiff does not identify any claims for relief in the complaint, nor does he link any defendant to an alleged violation of his federal rights. The allegations in plaintiff's complaint are so vague and conclusory that the court cannot determine whether the current action is frivolous or fails to state a claim for relief. To the extend comprehensible, plaintiff appears to allege he was denied a fair trial. As plaintiff has been made aware, a challenge to the validity of the fact or length of confinement must be made through a petition for writ of habeas corpus. *Preiser*, 411 U.S. at, 490. If plaintiff is seeking to challenge the constitutionality of his current confinement, he must proceed by commencing a new action through filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that the amended complaint be dismissed without leave to amend and that the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 11, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE